UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SALDANA,

          Plaintiff,

v.

TACO BELL #1510,

          Defendant.
_____/

Case No. 2:20-cv-10660

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS ORDER

Defendant moved to deem its first requests for admissions ("RFAs") admitted. ECF 8. The Court denied the motion as moot because the Federal Rules of Civil Procedure deemed the RFAs admitted as a matter of law. ECF 14, PgID 83. Shortly after, Defendant moved for summary judgment and claimed that Plaintiff's admissions meant Plaintiff could not prove its negligence claim. ECF 16, PgID 92–94. A week later, Plaintiff moved for leave to file late responses to Defendant's RFAs. ECF 17. Plaintiff also untimely responded to the summary judgment motion, ECF 21, which Defendant moved to strike, ECF 22. After reviewing the parties' briefs, the Court will not hold a hearing—it is unnecessary. ECF 23; *see* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will deny the summary judgment motion as premature and grant leave to file the late responses.

I.    Summary Judgment Motion

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v.*

1

*Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). A summary judgment motion "may not be granted until a plaintiff has had an opportunity for discovery." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005). Indeed, summary judgment motions "filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit, either on the opposing party's Rule 56(f) affidavit and request or *on the [C]ourt's own initiative* without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)) (emphasis added); *see also Dixon v. Grand Trunk W. R.R. Co.*, 259 F. Supp. 3d 702, 711 (E.D. Mich. 2016) (Murphy, J.) (noting that the Court denied a summary judgment motion as premature when the motion was filed before the discovery deadline).

The Court will deny summary judgment as premature because the parties had well over a month of additional discovery when Defendant moved for summary judgment. ECF 7, PgID 43. The parties also represented in a joint status report—twelve days after the summary judgment motion was filed—that they would need to extend discovery until February 28, 2021. ECF 19, PgID 162. Because the parties requested several more months of discovery after Defendant moved for summary judgment, the Court will, on its own initiative, deny the partial summary judgment motion as premature. *See CLT Logistics*, 777 F. Supp. 2d at 1076. Defendant may refile a second summary judgment motion after the discovery deadline. E.D. Mich. L.R. 7.1(b)(2).

II.  Motion for Leave to File Late Responses

Federal Rule of Civil Procedure 36(b) allows a party to amend a response to an RFA if two prongs are satisfied. First, the amendment must "promote the presentation of the merits of the action[.]" Fed. R. Civ. P. 36(b). And second, the amendment must not "prejudice the requesting party in maintaining or defending the action on the merits." *Id.* In other words, an amendment must not prejudice Defendant's defense of the case on the merits. Because both prongs are met here, the Court will grant Plaintiff leave to amend.

"The first prong . . . is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" *Clark v. Johnston*, 413 F. App'x 804, 818 (6th Cir. 2011) (internal quotation omitted). If the Court upheld the admission here, then the Court will not hear the merits of the case. One admission, for example, stated that Plaintiff did not suffer any injuries during the incident. ECF 17, PgID 174. Put simply, the admission would doom Plaintiff's negligence case because Plaintiff cannot "establish a prima facie case of negligence under Michigan premises liability law" without offering any evidence of damages. *Hall v. IKEA Prop. Inc.*, 171 F. Supp. 3d 634, 640–41 (E.D. Mich. 2016) (quotation omitted).

As far as the second prong of the test, "the prejudice contemplated is not simply that the party who initially obtained the admission will now have to convince the factfinder of its truth; it relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."

*Clark*, 413 F. App'x at 818 (cleaned up). And the amendment here would not prejudice Defendant for four reasons. First, Defendant moved for summary judgment before discovery ended. Thus, Defendant still had time to obtain discovery to prove that Plaintiff did not suffer any injuries. Second, since then Defendant has received discovery about Plaintiff's medical reports, which presumably show the extent of Plaintiff's injuries, if any. ECF 19, PgID 162. Third, because the Court will extend the discovery deadline, Defendant may obtain more evidence to assist its case. And fourth, the Court has granted Defendant leave to file a second summary judgment motion. In all, both prongs are met, and the Court will grant Plaintiff leave to file late responses to Defendant's first RFAs.

III. Case Management

Before issuing a new scheduling order, the Court will grant the motion to strike Plaintiff's untimely response to the summary judgment motion. ECF 21 (Plaintiff's response), 22 (motion to strike). Plaintiff responded to the summary judgment motion nearly a month after Defendant moved for summary judgment. ECF 21. Local Rule 7.1(e)(1)(B) requires a response to a summary judgment to "be filed within 21 days after service of the motion." Thus, Plaintiff's response was untimely, and the Court will strike the response for not complying with local rules.

Last, because discovery passed and the parties asked to extend discovery, ECF 19, PgID 163, the Court will extend discovery until June 4, 2021. The Court will also extend the dispositive motions deadline until July 9, 2021. And the final pretrial conference and trial dates are adjourned until further notice.

4

**WHEREFORE**, it is hereby **ORDERED** that Defendant's summary judgment motion [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is **GRANTED** leave to file a second summary judgment motion.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file late responses to Defendant's requests to admit [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must **FILE** his responses to Defendant's requests for admit no later than **April 13, 2021**.

**IT IS FURTHER ORDERED** that the motion to strike [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's response to the summary judgment motion [21] is **STRICKEN**.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** until **June 4, 2021**.

**IT IS FURTHER ORDERED** that the dispositive motions deadline is **EXTENDED** until **July 9, 2021**.

**IT IS FURTHER ORDERED** that the final pretrial conference and trial dates are **ADJOURNED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 6, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 6, 2021, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager