1066UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SALDANA,

                Plaintiff,

v.

TACO BELL #1510,

                Defendant.

_____/

Case No. 2:20-cv-10660

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANT'S RULE 37 MOTION [32]**

Defendant Taco Bell moved to dismiss the present slip-and-fall case with prejudice or to exclude evidence due to Plaintiff's failure to participate in discovery under Federal Rule of Civil Procedure 37. ECF 32. The parties fully briefed the motion, and the Court finds a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion and will appoint a Discovery Master.

**BACKGROUND**

The parties exchanged initial disclosures in June 2020. ECF 7, PgID 43. The initial disclosures explained that Plaintiff suffered economic damages for treatment he received at various healthcare facilities. ECF 32, PgID 224–25.

In the same month, Defendant served Plaintiff with its first requests for admissions. ECF 14, PgID 82 (citation omitted). Plaintiff did not respond to the requests. *Id.* (citation omitted). Because Plaintiff failed to respond, the requests were

admitted by law. ECF 14, PgID 83 (citation omitted). But the Court ultimately granted Plaintiff leave to file late responses and extended discovery. ECF 24, PgID 200. The Court later extended discovery once more so that the parties could complete depositions. ECF 26, PgID 207–08.

Even after the extensions, Plaintiff has still not made himself available for a deposition. ECF 32, PgID 227. Plaintiff has also not provided certain treatment records to Defendant that were outlined in the initial disclosures. *See id.* As a result, Defendant has tried to retrieve Plaintiff's medical records on its own. ECF 34, PgID 258.

Plaintiff admitted that he has neither been deposed nor provided the necessary supplemental discovery to Defendant. ECF 33, PgID 251–52. Plaintiff's counsel explained that Plaintiff, "prior to the accident alleged in this action, had suffered a significant and disabling head injury involving the frontal lobe of his brain." *Id.* at 250. The "injury has altered the basic manner in which [Plaintiff] thinks and has affected his emotional control." *Id.* Plaintiff's son and wife handle his day-to-day affairs and have his power of attorney. *Id.* at 250–51. Plaintiff's counsel explained that Plaintiff could not be deposed because on the morning of the deposition, Plaintiff's son notified counsel that Plaintiff "was in a labile state, and that [Plaintiff's wife] was very ill and could not assist in controlling her husband." *Id.* at 251–52. As of August 2021, Plaintiff's counsel had not met with Plaintiff or Plaintiff's family to obtain the supplemental discovery or to arrange a deposition because Plaintiff's wife was "too ill to assist" and Plaintiff's son is out of the country. *Id.* at 252. In total, more

2

than a year and several discovery extensions have passed since Plaintiff's initial disclosures and Plaintiff still has not been deposed and Defendant still has not received a supplement to the initial disclosures with Plaintiff's medical records. ECF 34, PgID 257–58.

## LEGAL STANDARD

When "a party fails to provide information," Federal Rule of Civil Procedure 37(c)(1) allows a court to bar the party from using the information in "a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) also provides for alternative sanctions, at the Court's discretion, including "order[ing] payment of the reasonable expenses, including attorney's fees, caused by the failure," "inform[ing] the jury of the party's failure," and "impos[ing] other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Under Rule 37(b)(2)(A), permissible orders include striking the pleadings, rendering a default judgment, or dismissing the action.

## DISCUSSION

The court must weigh four factors before dismissing a complaint under Rule 37:

> (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered.

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

For the first factor, Plaintiff "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citation omitted). Here, Plaintiff's counsel detailed that Plaintiff had suffered "a significant and disabling head injury," and the "injury has altered the basic manner in which he thinks and has affected his emotional control." ECF 33, PgID 250. Given the serious head injury, Plaintiff has poor communication with his counsel, poor ability to comply with discovery requests, and requires daily care from family members who are having significant difficulty caring for him. *Id.* at 250–52. At its core, Plaintiff's counsel has detailed that Plaintiff has little control of his actions.[1] Plaintiff thus seems to have not acted willfully or in bad faith.

Although Plaintiff has not acted willfully or in bad faith, Plaintiff's counsel has willfully failed to provide discovery. More than fifteen months have passed since the initial disclosures. Fifteen months is more than enough time to depose Plaintiff and supplement the disclosures because Plaintiff's counsel can receive consent and information for the disclosures from Plaintiff's wife and son. Admittedly, Plaintiff's wife became ill, and Plaintiff's son was out of the country. ECF 33, PgID 251–52. But Plaintiff's counsel never identified when those events happened. In fact, it appears that Plaintiff's son may have only recently left the country. *See* ECF 33, PgID 251 (noting that the son called Plaintiff's counsel in July about canceling Plaintiff's

---

[1] Plaintiff is still competent to sue under Civil Rule 17(c) because no court has appointed a guardian or conservator for Plaintiff. ECF 33, PgID 248–49.

deposition). And even though the son was out of the country, Plaintiff's counsel could have held a short phone call and obtained the necessary information from Plaintiff's son given modern technology. In short, Plaintiff's counsel has only himself to blame for Plaintiff not attending the deposition and for not gathering the proper information from either Plaintiff, Plaintiff's son, or Plaintiff's wife.

For those reasons, no good excuse exists as to why Plaintiff's counsel could not offer Plaintiff for a deposition or obtain the necessary supplemental discovery. Plaintiff's counsel could have, for example, obtained the discovery at any time during the past fifteen months, or better communicated with his client (and his client's family) about the consequences that would arise from delaying the deposition and discovery. Plaintiff's counsel could have also timely filed briefs and timely responded to requests for admissions and discovery.

Although the Court is sensitive to Plaintiff's mental condition, Plaintiff's counsel is plainly not acting diligently enough to comply with Defendant's discovery request. *See* M.R.P.C. 3.4(d) (A lawyer must not "fail to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party."). Rather, Plaintiff's counsel is using his client's mental illness as an excuse for counsel's inability to comply with basic discovery requests.

What is more, counsel's behavior has been dilatory throughout the proceeding. Counsel neither timely responded to Defendant's requests for admissions nor timely responded to Defendant's summary judgment motion. ECF 14, PgID 83; ECF 24, PgID 196. And now, in response to the present motion, Plaintiff's counsel cited only

5

case law that does not affect whether a federal court may dismiss a case under Civil Rule 37. *See* ECF 33, PgID 252 (citing a Michigan Court of Appeals case about whether Michigan *State* courts can impose discovery sanctions). At bottom, counsel's behavior is unacceptable and shows willful delay of discovery. *See* M.R.P.C. 3.2 cmt. ("Dilatory practices bring the administration of justice into disrepute."). The first factor, therefore, weighs heavily against Plaintiff's counsel. *See Ford Motor Co. v. InterMotive, Inc.*, No. 4:17-cv-11584, 2021 WL 978820, at *9 (E.D. Mich. Mar. 16, 2021) (Defendant "had to file a motion to compel, a motion for sanctions, and now, a second motion for sanctions, all for the same reason: to get [Plaintiff] to disclose information.").

For the second factor, Defendant has been prejudiced by counsel's willful inability to provide discovery. In particular, Defendant had to file the present motion. ECF 32. Defendant has also been unable to depose Plaintiff and has been forced to seek discovery directly from Plaintiff's medical providers. ECF 34, PgID 258–59.

For the third factor, when "a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (quotation marks and quotation omitted). Plaintiff has received notice of potential sanctions because Defendant has filed several motions seeking to penalize Plaintiff for the dilatory conduct. ECF 8 (motion to deem first request of admissions admitted); 32. That said, a lesser sanction than dismissal is appropriate here.

Under the last factor, the Court will impose a lesser sanction than "the drastic sanction of dismissal." *Phillips*, 400 F.3d at 402. Because the core issue is the behavior of Plaintiff's counsel, dismissal is inappropriate. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (collecting cases). The Court will therefore order Plaintiff's counsel to pay reasonable expenses, including attorney fees, to Defendant for the costs Defendant incurred to file the present motion. *See* Fed. R. Civ. P. 37(c)(1)(A). The Court will also appoint a discovery master to help the parties resolve the outstanding discovery requests and depositions, and Plaintiff's counsel will pay for the Discovery Master's fees and expenses associated with the appointment. The Court finds that appointing a discovery master will promote efficiency, conserve judicial resources, and expedite the ultimate resolution of the case. *See* Fed. R. Civ. P. 53. Requiring Plaintiff's counsel to pay for the Discovery Master is appropriate because a third party is needed to expedite discovery given the significant delays and the number of outstanding discovery requests. If Plaintiff's counsel continues to delay, the Court will impose harsher sanctions including, perhaps, dismissal of the action.

Next, the Court will require the Clerk of the Court to seal ECF 32-3. The exhibit contains Plaintiff's personal information. Although Defendant's counsel should have filed the document with redactions, Plaintiff's counsel should have recognized the personal information and moved for the Court to seal the information.

Finally, the Court will extend the discovery deadline until December 1, 2021 and the dispositive motions deadline until January 3, 2022. The present case is a

7

simple slip-and-fall case. There is no need for discovery to have lasted so long other than the willful disregard of Plaintiff's counsel to facilitate discovery by working with his client and being proactive.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Rule 37 motion [32] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must **PAY** Defendant reasonable expenses, including attorney fees, that were incurred for filing the present motion.

**IT IS FURTHER ORDERED** that Mr. Thomas Schehr[2] is **APPOINTED** discovery master. Mr. Schehr must **FILE** an affidavit within two weeks of this order, affirming that he knows of no undisclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent him from serving as discovery master. Fed. R. Civ. P. 53(b)(3)(A). Mr. Schehr's appointment takes effect on filing of the affidavit.

**IT IS FURTHER ORDERED** that Mr. Schehr is **AUTHORIZED** and **EMPOWERED** to supervise, manage, and make recommendations to the Court regarding disposition of all discovery disputes and other discovery-related issues. Mr. Schehr may conduct hearings and conferences with the parties in the manner and at the times and locations he deems appropriate. Mr. Schehr must **ENSURE** that discovery is completed no later than December 1, 2021.

---

[2] Mr. Schehr can be reached by phone at (313) 568-6659 or by email at tschehr@dykema.com.

**IT IS FURTHER ORDERED** that Mr. Schehr must be **COMPENSATED** by Plaintiff's counsel at his usual rate and reimbursed for reasonable travel expenses. Plaintiff's counsel must **PAY** the costs and fees of Mr. Schehr.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **SEAL** ECF 32-3.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** until **December 1, 2021** and the dispositive motions deadline is **EXTENDED** until **January 3, 2022**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager